| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HARRIS L. COHEN, ESQ. BAR #119600<br>HARRIS L. COHEN, A PROF. CORP<br>5305 ANDASOL AVE.<br>ENCINO, CA 91316<br>TEL 818-905-5599 FAX 818-905-5660<br>email: hcohen00@aol.com | |
| ☐ *Movant appearing without an attorney*<br>☒ Attorney for Movant | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>SONYA RUTNAM<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:15-bk-10970-MT<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 5/6/2015<br>TIME: 9:30 a.m.<br>COURTROOM: 302 |

**Movant:** STRATEGIC ACQUISITIONS, INC.

1. **Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles, CA 90012
   - ☒ 21041 Burbank Boulevard, Woodland Hills, CA 91367
   - ☐ 3420 Twelfth Street, Riverside, CA 92501
   - ☐ 411 West Fourth Street, Santa Ana, CA 92701
   - ☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Page 1

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 4/1/2015 _____

HARRIS L. COHEN, A PROF. CORP. _____
Printed name of law firm (if applicable)

HARRIS L. COHEN, ESQ. _____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                      Page 2                      F 4001-1.RFS.RP.MOTION
Page 2

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (*specify*):
   Movant purchased the subject property at a foreclosure sale on March 23, 2015

2. **The Property at Issue (Property):**

   a. Address:

   *Street address*: 18018 Medley Dr.
   *Unit/suite number*:
   *City, state, zip code*: Encino, CA 91316

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _____):  Deed of Trust Exhibit "3"

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) __3/23/2015__ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☐ A plan, if any, was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

       (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

       (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

       (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☒ The bankruptcy case was filed in bad faith.

       (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

       (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

       (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

       (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

       (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

       (F) ☒ Other (*see attached continuation page*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014           Page 3           F 4001-1.RFS.RP.MOTION
Page 3

(3) ☐ *(Chapter 12 or 13 cases only)*

   (A) ☐ All payments on account of the Property are being made through the plan.
      ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

   (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
   which is ☐ prepetition ☐ postpetition.

(6) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☒ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

   (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☒ Other *(specify)*:
   Movant purchased the Property at a foreclosure sale without knowledge of the bankruptcy.  The Debtor has been involved in numerous transfers that indicate she has no interest in the property

6. **Evidence in Support of Motion:  (D***eclaration(s) MUST be signed under penalty of perjury and attached to this motion***)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                Page 4                **F 4001-1.RFS.RP.MOTION**
**Page 4**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property. `and have the Trustee's deed upon sale`
`issued and complete the foreclosure sal`

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.  Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☐ Confirmation that there is no stay in effect.

4. ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☒ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☒ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
   ☐ without further notice, or  ☒ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☐ If relief from stay is not granted, adequate protection shall be ordered.

13. ☐ See attached continuation page for other relief requested.

Date:  4/1/2015

HARRIS L. COHEN, A PROF. CORP.
Printed name of law firm (if applicable)

HARRIS L. COHEN, ESQ.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                           Page 5                         F 4001-1.RFS.RP.MOTION
Page 5

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) PETER BAER _____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a.  ☐  I am the Movant.

    b.  ☐  I am employed by Movant as (*state title and capacity*):    President

    c.  ☐  Other (*specify*):

2.  a.  ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b.  ☐  Other (*see attached*):

3.  The Movant is:

    a.  ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b.  ☐  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit _____.

    c.  ☐  Servicing agent authorized to act on behalf of the:

        ☐  Holder.
        ☐  Beneficiary.

    d.  ☒  Other (*specify*): Movant purchased the Property at a foreclosure sale on March 23, 2015

4.  a.  The address of the Property is:

        *Street address*: 18018 Medley Dr.
        *Unit/suite no.*:
        *City, state, zip code*: Encino, CA 91316

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

        See Exhibit "3" to declaration with legal description - APN 2184-032-007

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

5.  Type of property (*check all applicable boxes*):

a. ☒  Debtor's principal residence      b. ☐  Other residence
c. ☐  Multi-unit residential            d. ☐  Commercial
e. ☐  Industrial                        f. ☐  Vacant land
g. ☒  Other (*specify*): Not owned by Debtor who previously transferred it

6.  Nature of the Debtor's interest in the Property:

a. ☐  Sole owner

b. ☐  Co-owner(s) (*specify*):

c. ☐  Lienholder (*specify*):

d. ☒  Other (*specify*): none, since previously transferred

e. ☒  The Debtor  ☐ did  ☒ did not  list the Property in the Debtor's schedules.

f. ☒  The Debtor acquired the interest in the Property by  ☒ grant deed  ☐ quitclaim deed  ☐ trust deed.

The deed was recorded on (*date*) 11/30/2001 .

7.  Movant holds a  ☐ deed of trust  ☐ judgment lien  ☒ other (*specify*)  Foreclosure sale purchaser
that encumbers the Property.  foreclosure sale receipt for winning bid is Exhibit "1"

a. ☐  A true and correct copy of the document as recorded is attached as Exhibit _____.

b. ☐  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit _____.

c. ☐  A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8.  Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

h. ☐  Loan is all due and payable because it matured on (*date*) _____

FORECLOSURE SALE PURCHASER

9.  Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

a.  Notice of default recorded on (*date*) 4/1/2008 ____ or ☐ none recorded.

b.  Notice of sale recorded on (*date*) 2/27/2015 ____ or ☐ none recorded.

c.  Foreclosure sale originally scheduled for (*date*) _____ or ☐ none scheduled.

d.  Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

e.  Foreclosure sale already held on (*date*) 03/23/2015 ____ or ☐ none held.

f.  Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:   foreclosure sale purchaser

    a. Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

    c. Future payments due by time of anticipated hearing date (*if applicable*):

    An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d. The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e. **Calculation of equity/equity cushion in Property:**

    Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT: $** | | | |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g. ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
    I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h. ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
    By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 8                          F 4001-1.RFS.RP.MOTION
                                                                          Page 8

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                    $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                 $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                            $[                    ]

                    TOTAL POSTPETITION DELINQUENCY:                          $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☒ Other (specify):
      see attached declaration of Peter Baer

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

   a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

   b. ☒ Multiple bankruptcy cases affecting the Property include:

     1. Case name: In re Tri Tren _____
       Chapter: 7___   Case number: 1:08-bk-20572-GM___
       Date filed: 12/29/2008___   Date discharged: _____   Date dismissed: 05/04/2009___
       Relief from stay regarding the Property ☒ was ☐ was not granted.

     2. Case name: In re Sandra Ruth Gonzalez _____
       Chapter: 13___   Case number: 2:11-bk-17263-SK___   hearing pending to dismiss for
       Date filed: 02/21/2011___   Date discharged: _____   Date dismissed: _____ 5/13/15
       Relief from stay regarding the Property ☒ was ☐ was not granted.

     3. Case name: In re Serop Dertsakyan _____
       Chapter: 7___   Case number: 1:09-bk-13875-MT___
       Date filed: 04/06/2009___   Date discharged: 08/12/2009___   Date dismissed: 09/05/2009___
       Relief from stay regarding the Property ☐ was ☒ was not granted.

   ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

   ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014          Page 10          F 4001-1.RFS.RP.MOTION
Page 10

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☒ For other facts justifying annulment, see attached continuation page.    SEE DECLARATION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

4/1/2015                           Peter Baer
Date                               Printed name                                      Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 11                                  F 4001-1.RFS.RP.MOTION

Page 11

1:15-bk-10970-MT - SONYA RUTNAM - CHAPTER 13

## I.     APPLICABLE LAW

A bankruptcy Court has "discretion to grant retroactive relief from the automatic say." *In re AVI, Inc.,* 289 B.R. 721, 731 (9th Cir. BAP 2008).

"Whether to grant retroactive relief from the automatic stay under §362(d) is a decision committed to the discretion of the bankruptcy court. *Nat'l Envtl. Waste,* 129 F.3ed at 1054. In *Nat'l Envtl. Waste*, the Ninth Circuit adopted a balancing of equities approach for analyzing a request for retroactive stay relief, and identified two factors to be considered by the bankruptcy court: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor. *Id.* At 1055-56. In *In re Fjeldsted,* 293 B.R. 12, 24-25 (9th Cir. BAP 2003), following *Nat'l Envtl. Waste,* we approved consideration off additional factors by the bankruptcy court, including: the number of filings; the extent of any prejudice , including to a bona fide purchaser; the debtor's overall good faith; the debtor's compliance with the Code; how quickly the creditor moved for annulment; and how quickly the debtor moved to set aside the sale. But because a mechanistic application of 'factors' is inappropriate in making the determination of whether to annul the stay, in *Fjeldsted*, we observed that: "Mindful that such lists [of factors] are capable of being misconstrued as inviting arithmetic reasoning, we emphasize that these items are merely a framework for analysis and not a scorecard. **In any given case, one factor may so outweigh the others as to be dispositive.**" *In re Williams,* 323 B.R. 691, 700 (9th Cir. BAP 2005) (Emphasis in original).

1

### INTRODUCTION

DEBTOR, SONYA RUTNAM, HAS NOW FILED THE FOURTH (4TH) BANKRUPTCY AFFECTING THE PROPERTY AT 18018 MEDLEY DR., ENCINO, CA 91316. THE DEBTOR HAS ALSO EXECUTED THREE DIFFERENT DEEDS TRANSFERRING PARTIAL AND COMPLETE INTERESTS IN THE PROPERTY TO PERSONS WHO FILED  BANKRUPTCY NAMED TRI TREN, SEROP DERTSAKYAN AND SANDRA RUTH GONZALEZ.

THE LATEST BANKRUPTCY WAS FILED 3/23/15 TO THWART A FORECLOSURE SALE ON THAT SAME DAY.   THE FILING WAS A FACE PAGE FILING.

THE PROPERTY WAS SUBJECT TO FORECLOSURE PROCEEDINGS AND SAI PURCHASED IT FOR OVER $1,000,000 AT THE SALE WITHOUT NOTICE OF THE DEBTOR'S INTEREST OR THIS BANKRUPTCY. IN FACT, AS SET FORTH HEREIN THE DEBTOR HAD QUITCLAIMED ALL HER INTEREST AT LEAST TWICE AND HAD NO INTEREST IN THE PROPERTY WHEN THE FORECLOSURE SALE TOOK PLACE

THE FORECLOSURE TRUSTEE HELD THE FORECLOSURE SALE OF THE PROPERTY ON 3/23/15 WITHOUT ANYONE KNOWING ABOUT THE BANKRUPTCY. THE DEBTOR HAS NO EQUITY IN THE PROPERTY AS SHE QUITCLAIMED HER INTEREST AT LEAST TWICE BEFORE.

MOVANT PURCHASED THE PROPERTY AT THE FORECLOSURE SALE WITHOUT KNOWLEDGE OF THE BANKRUPTCY FILING AND SEEKS TO ANNUL

**THE STAY AS THE FORECLOSING TRUSTEE REQUIRES THIS TO ISSUE THE
TRUSTEE'S DEED UPON SALE.**

**I.    STATEMENT OF FACTS**

1.        Movant, Strategic Acquisitions, Inc. ("SAI") was the high bidder at the
foreclosure sale of the real property at 18018 Medley Dr., Encino, CA 91316, APN 2184-032-
007 (the "Property"), a single family residence, and paid $1,127,000 for it at the foreclosure sale
on March 23, 2015. (Exhibit "1").  Sonya Rutnam (the "Debtor") had acquired title in 2001 by a
grant deed recorded as instrument number 01 2275733.  (Exhibit "2").

2.        The Property was encumbered with a loan for $1,254,825 by a first deed of trust
recorded on 11/1/07 as instrument number 20072464277.  (Exhibit "3").  That first trust deed
was taken out in 2007 by Sonya Rutnam.  That deed of trust was $15,956.73 in arrears as of the
recording of the notice of default and election to sell ("NOD") on 4/1/08 as instrument number
20080554762. (Exhibit "4")

3.        The notice of trustee's sale was recorded on 2/27/15 as instrument number
20150218176 and the amount of the unpaid balance and other charges was $1,837,606.40.
(Exhibit "5").

4.        This Property was subject to prior bankruptcies, prior findings of bad faith and
prior transfers such that on the date of the current bankruptcy filing, March 23, 2015, the Debtor
did not own any interest in the Property.

5.        The Debtor executed a quitclaim deed on February 2, 2009, the Debtor transferred
the property to herself and Tri Tran as joint tenants FOR NO CONSIDERATION.  The quitclaim
deed was not legally recorded. (Exhibit "6").  Movant's title department researched the

3

recording stamp and determined it is not genuine.   However, coincidentally, Tri Tran filed a bankruptcy and relief from stay was necessary.  The motion was uncontested and Judge Mund granted relief from stay on April 16, 2009. (Exhibit "7").

6.      The Debtor next executed a quitclaim deed on June 19, 2009, wherein the Debtor transferred all of her interest in the Property to Serop Dertsakyan FOR NO CONSIDERATION. Again the Movant's title department confirmed the recording stamp is not genuine.  (Exhibit "8").  **At this time, the Debtor no longer had any interest in the Property**.  However, this was successful in stopping a foreclosure sale as Mr. Dertsakyan just happened to also be in bankruptcy from April 6, 2009 to September 5, 2009.  (Exhibit "9" docket in case).

7.      Despite the fact that the Debtor claimed she signed a quitclaim in June 2009 to Serop Dertsakyan, the Debtor next quitclaimed the Property again.  This time she quitclaimed it to Sandra Ruth Gonzalez on March 21, 2011 FOR NO CONSIDERATION.  The deed does not purport to be recorded. (Exhibit "10").  Again, this involved a bankruptcy.  Ms. Gonzalez was in bankruptcy and the lender file a motion for relief from stay.  Judge Klein granted relief and in rem relief with a 2 year window on January 16, 2013. (Exhibit "11").   Just after the two year window expired, now the Debtor filed this bankruptcy.  However, the Debtor does not own any interest in the Property having quitclaimed herein interest away at least two times as set forth above.

8.      This is the fourth (4th) bankruptcy affecting the Property and is a basis for in rem relief.

9.      After SAI made the winning bid at the foreclosure sale, someone for the Debtor presented the petition, filed the same day, to the foreclosure trustee who refused to issue the trustee's deed upon sale based on the bankruptcy filing.

4

10.     Neither the foreclosure trustee, nor SAI, had timely notice of the bankruptcy filing prior to the foreclosure sale or as a matter of practice and procedure the sale would not have occurred.

11.     Without notice of the bankruptcy, SAI purchased the Property at the foreclosure sale.

12.     This filing was a face page filing without full schedules.  (Exhibit "12").

13.     Based on the bad faith inequitable conduct by the Debtor, prior bankruptcies, prior transfers during foreclosures, quitclaims for no consideration, this Debtor's lack of ownership or interest in the Property and this Debtor's likely face page filing, solely to interfere with the foreclosure sale, the Court should annul the stay retroactively to the filing of the case as to this transaction and validate the foreclosure sale and grant retroactive relief.

14.     The foreclosure sale trustee will not issue a trustee's deed upon sale to SAI until the automatic stay is annulled.

HARRIS L. COHEN, A PROF. CORP.

By: _____
        Harris L. Cohen, Esq.
        Attorney for movant, SAI

### DECLARATION OF PETER BAER

I, Peter Baer, hereby declare and state:

I am over the age of 18 and have personal knowledge as to all facts set forth herein and if called upon to testify thereto, I could and would competently do so.

1.      I am the President of Strategic Acquisitions, Inc. ("Strategic"), the movant with authority to file this motion.

2.      Movant, Strategic Acquisitions, Inc. ("SAI") was the high bidder at the foreclosure sale of the real property at 18018 Medley Dr., Encino, CA 91316, APN 2184-032-007 (the "Property"), a single family residence, and paid $1,127,000 for it at the foreclosure sale on March 23, 2015. (A true and correct copy of the sale receipt is attached hereto as Exhibit "1"). Sonya Rutnam (the "Debtor") had acquired title in 2001 by a grant deed recorded as instrument number 01 2275733. (A true and correct copy of the grant deed is attached hereto as Exhibit "2").

3.      The Property was encumbered with a loan for $1,254,825 by a first deed of trust recorded on 11/1/07 as instrument number 20072464277. (A true and correct copy of the first several pages and the last page of the trust deed are attached hereto as Exhibit "3"). That first trust deed was taken out in 2007 by Sonya Rutnam. That deed of trust was $15,956.73 in arrears as of the recording of the notice of default and election to sell ("NOD") on 4/1/08 as instrument number 20080554762. (A true and correct copy of the NOD is attached hereto as Exhibit "4").

4.      The notice of trustee's sale was recorded on 2/27/15 as instrument number 20150218176 and the amount of the unpaid balance and other charges was $1,837,606.40. (A true and correct copy of the notice of trustee's sale is attached hereto as Exhibit "5").

6

5.      This Property was subject to prior bankruptcies, prior findings of bad faith and prior transfers such that on the date of the current bankruptcy filing, March 23, 2015, the Debtor did not own any interest in the Property.

6.      The Debtor executed a quitclaim deed on February 2, 2009, the Debtor transferred the property to herself and Tri Tran as joint tenants FOR NO CONSIDERATION.  The quitclaim deed was purportedly recorded as instrument number 20090083075 but that is a false recording stamp as the actual recorded document was a Hazardous Substances Certificate and Indemnity Agreement (A true and correct copy of the quitclaim deed and the recording page and first page of the actual recorded document with that recording number are attached hereto as Exhibit "6").  SAI's title department researched the recording stamp and determined it is not genuine.  However, coincidentally, Tri Tran filed a bankruptcy and relief from stay was necessary.  The motion was uncontested and Judge Mund granted relief from stay on April 16, 2009. (A true and correct copy of the relief from stay order is attached hereto as Exhibit "7").

7.      The Debtor next executed a quitclaim deed on June 19, 2009, wherein the Debtor transferred all of her interest in the Property to Serop Dertsakyan FOR NO CONSIDERATION.  Again the Movant's title department confirmed the recording stamp is not genuine. (A true and correct copy of the quitclaim deed to Serop and the actual document with that recording stamp which is a different grant deed not involving that property is attached hereto as Exhibit "8").  **At this time, the Debtor no longer had any interest in the Property**.  However, this was successful in stopping a foreclosure sale as Mr. Dertsakyan just happened to also be in bankruptcy from April 6, 2009 to September 5, 2009. (A true and correct copy of the docket in her bankruptcy case is attached hereto as Exhibit "9").

7

8.      Despite the fact that the Debtor claimed she signed a quitclaim in June 2009 to Serop Dertsakyan, the Debtor next quitclaimed the Property again. This time she quitclaimed it to Sandra Ruth Gonzalez on March 21, 2011 FOR NO CONSIDERATION. (A true and correct copy of the quitclaim deed to Ms. Gonzalez and the actual document with that recording stamp, a substitution of trustee and full reconveyance, is attached hereto as Exhibit "10). Again, this involved a bankruptcy. Ms. Gonzalez was in bankruptcy and the lender file a motion for relief from stay. Judge Klein granted relief and in rem relief with a 2 year window on January 16, 2013. (A true and correct copy of the order granting relief from stay is attached hereto as Exhibit "11"). Just after the two year window expired, now the Debtor filed this bankruptcy. However, the Debtor does not own any interest in the Property having quitclaimed herein interest away at least two times as set forth above.

9.      This is the fourth (4th) bankruptcy affecting the Property and is a basis for in rem relief.

10.     After SAI made the winning bid at the foreclosure sale, someone for the Debtor presented the petition, filed the same day, to the foreclosure trustee who refused to issue the trustee's deed upon sale based on the bankruptcy filing.

11.     Neither the foreclosure trustee, nor SAI, had timely notice of the bankruptcy filing prior to the foreclosure sale or as a matter of practice and procedure the sale would not have occurred. I was on the phone with SAI's foreclosure bidder at the sale when the winning bid was placed. I had no knowledge of the bankruptcy or any action that would stop the sale.

12.     Without notice of the bankruptcy, SAI purchased the Property at the foreclosure sale.

8

13.    This filing was a face page filing without full schedules. (A true and correct copy of the docket in this case is attached hereto as Exhibit "12").

14.    The foreclosure sale trustee will not issue a trustee's deed upon sale to SAI until the automatic stay is annulled.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed at Agoura Hills, California on April 1, 2015.

_____
Peter Baer

9

# EXHIBIT "1"

⊙ **Trustee Sale**   ○ **Sale of Collateral**   ○ **Trustor Payment**

**RECEIPT OF FUNDS**

ASAP NO. 451229B  F.S. NO. CAC84823HL  DATE 3/23/15  TIME 11:43

TRUSTEE Quality Loan   c/o Acct Dist Dept  TRUSTEE'S PHONE # 619-645-7711

TRUSTEE'S ADDRESS 411 Ivy St

CITY San Diego  Ca  STATE  ZIP 92063

PROPERTY ADDRESS 18018 Medley Dr  Encino

| CHECK(S) | DRAWN AT | AMOUNT |
|---|---|---|
| 1. 4995516527 | U.S. BANK | $ 600,000. |
| 2. 6526 | " " | $ 400,000. |
| 3. 6525 | " " | $ 77,000. |
| 4. 6503 | " " | $ 40,000. |
| 5. 6499 | " " | $ 10,000. |

SEE PAGE 2 FOR MORE IF MORE THAN 5 CHECKS

CASH RECEIVED $ 0

TOTAL RECEIVED = $ 1,127,000.

AMOUNT OF TOTAL BID $ 1,127,000
ADD DOCUMENT TAX & FEES 0
TOTAL REQUIRED = $ 1,127,000

FROM ABOVE ENTER TOTAL RECEIVED $ 1,127,000
SUBTRACT TOTAL REQUIRED $ 1,127,000
TOTAL REFUND = $ 0

**REFUND**

NAME _____  PHONE # _____

ADDRESS _____

CITY _____  STATE ____  ZIP ____

MAKE CHECK PAYABLE TO _____

**REP'S INFO.**

REPRESENTATIVE'S NAME JESSE MOLINA

REP'S PHONE # 562-508-6350

RLP'S E-MAIL jessemolinarealtor@yahoo.com

**BUYER'S INFORMATION**

BUYER'S NAME STRATEGIC ACQUISITIONS Inc

BUYER'S PHONE # 562-508-6350

BUYER'S E-MAIL _____

ADDRESS 27489 AGOURA RD. #300

CITY AGOURA HILLS  STATE CA  ZIP 91301

VESTING - RECORD TITLE AS SHOWN STRATEGIC ACQUISITIONS INC.
OR NOMINEE

Mail Corrected Trustee's Deed to: 27489 AGOURA RD. #300 ATTN: Asya, AGOURA HILLS CA 91301
Vestee Relationship (Buyer, Buyers Agent)

**DISCLAIMER**

Buyer or Buyer's Representative's signature below indicates that the above information is true and correct. IMPORTANT NOTE: Buyer or Buyer's Representative understands and agrees the sale of this property is on an "AS IS" basis, with no warranties express or implied. Any refund will be dispersed upon clearing of funds, which shall not be less than 10 business days from the date of the auction.
Disclaimer: The Trustee may rescind the sale due to requirements set out in federal laws or regulations, including anti-money laundering, anti-terrorism, anti-drug trafficking and economic sanctions laws and regulations. Federal law requires all financial institutions to obtain, verify, and record information that identifies parties to transactions. This means that when your bid is provisionally accepted, we will ask for your name, address, date of birth and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents. Your bid is subject to verification of your identity and that you are in compliance with these federal laws and regulations.
I/we acknowledge that I/we received a copy of this disclosure.

Signature of Buyer/Representative _____  Date: 3-23-15
Auction Printed Name: Brenda Mitchell  Signature _____  Date 3/23/15

If you have any questions, please contact our Customer Support at (714) 247-7550

Page 22

# EXHIBIT "2"

Sent By: BANKERS TRUST ESCROW; EQUITY TITLE

Case 1:15-bk-10970-MT   Doc 7   Filed 04/01/15   Entered 04/01/15 20:59:31   Desc
Main Document   Page 24 of 77   9517   06-21-01   5:33PM;   Page 1

Recording Requested by

and when recorded mail this deed
and mail tax statement to:

GEORGE RUTNAM
18018 MEDLEY DRIVE
ENCINO CA 91316

Assessors Parcel No.

LA0163081

01 2275733

—— SPACE ABOVE THIS LINE FOR RECORDER'S USE ——

## GRANT DEED

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ COUNTY $825.00 CITY $3375.00
(X) computed on full value of the interest of property conveyed, or
( ) computed on the full value less the value of liens or encumbrances
remaining thereon at the time of sale.
( ) Unincorporated area (X) City of Los Angeles

**FOR A VALUABLE CONSIDERATION**, receipt of which is hereby acknowledged,

SHAHROCK TAVAKOLI, and ANGEL TAVAKOLI,  HUSBAND AND WIFE

hereby **GRANTS(S) TO**  GEORGE RUTNAM, AND SONYA RUTNAM,  HUSBAND AND WIFE AS JOINT
TENANTS.

the following described real property in the  City of Los Angeles, County of Los
Angeles,  State of California:

Lot 78 of Tract No. 27363, in the County of Los Angeles, State of California, as
per map recorded in Book 669, Page(s) 14 to 20 of maps, in the office of the County
Recorder of said county.

Dated 24 November 21, 2001

State of California
County of LOS ANGELES          ) SS

On NOVEMBER - 24 - 2001          before me,
NADER AFRAM (NOTARY PUBLIC)
a Notary Public in and for said county and
state personally appeared SHAHROCK
TAVAKOLI AND ANGEL TAVAKOLI
personally known to me (or proved to me on the
basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me
that he/she/they executed the same in
his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the
instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed
the instrument.

SHAHROCK TAVAKOLI

ANGEL TAVAKOLI

NADER AFRAM
COMM. #1281605
NOTARY PUBLIC  CALIFORNIA
LOS ANGELES COUNTY
My Comm Expires Nov 6, 2004

WITNESS my hand and official seal.

Signature NADER AFRAM  11/24/01   (This area for official notarial seal)

Title Order No.   LA0163081  NADER AFRAM

Escrow Number          29297

# EXHIBIT "3"

**This page is part of your document - DO NOT DISCARD**





**20072464277**

Pages:
022

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/01/07 AT 08:00AM**

Fee:  73.00
Tax:  0.00
Other: 0.00

Total: 73.00

**Title Company**

# TITLE(S) :



L E A D     S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**

–           –

   E443318   **THIS FORM IS NOT TO BE DUPLICATED**   

Recording Requested By:
WASHINGTON MUTUAL BANK

Return To.
WASHINGTON MUTUAL BANK
2210 ENTERPRISE DRIVE
FLORENCE, SC 29501
DOC OPS M/S FSCE 440



11/01/07

**20072464277**

Prepared By.
TOM DANG

*2894527-12*

———— [Space Above This Line For Recording Data] ————

ZCA1
M68

# DEED OF TRUST

3018592539-077

*2/84-032-007*

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21 Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  OCTOBER 24, 2007
together with all Riders to this document.
(B) "Borrower" is  SONYA RUTNAM

Borrower's address is   18018 MEDLEY DRIVE, ENCINO, CA 91316
. Borrower is the trustor under this Security Instrument
(C) "Lender" is  WASHINGTON MUTUAL BANK, FA

Lender is a  FEDERAL SAVINGS BANK
organized and existing under the laws of  THE UNITED STATES OF AMERICA

**CALIFORNIA** – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3005  1/01

-6(CA) (0207)

Page 1 of 15              Initials
VMP MORTGAGE FORMS - (800)521-7291

*3*

Lender's address is 2273 N. GREEN VALLEY PARKWAY, SUITE 14, HENDERSON, NV
89014
Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORP

(E) "Note" means the promissory note signed by Borrower and dated OCTOBER 24, 2007
The Note states that Borrower owes Lender ONE MILLION TWO HUNDRED FIFTY FOUR
THOUSAND EIGHT HUNDRED TWENTY FIVE AND 00/100                              Dollars
(U.S. $   1,254,825.00   ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than NOVEMBER 01, 2047
(F) "Property" means the property that is described below under the heading "Transfer of Rights
in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late
charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The
following Riders are to be executed by Borrower (check box as applicable).

| | | |
|---|---|---|
| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Other(s) [specify] |
| [ ] 1-4 Family Rider | [ ] Biweekly Payment Rider | |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes,
regulations, ordinances and administrative rules and orders (that have the effect of law) as well as
all applicable final, non-appealable judicial opinions
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees,
assessments and other charges that are imposed on Borrower or the Property by a condominium
association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction
originated by check, draft, or similar paper instrument, which is initiated through an electronic
terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize
a financial institution to debit or credit an account. Such term includes, but is not limited to,
point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire
transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or
proceeds paid by any third party (other than insurance proceeds paid under the coverages
described in Section 5) for (i) damage to, or destruction of, the Property, (ii) condemnation or
other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv)
misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or
default on, the Loan
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and
interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C Section 2601 et seq.)
and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended
from time to time, or any additional or successor legislation or regulation that governs the same
subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and

—6(CA) (0207)                    Page 2 of 15                    Initials _____                    Form 3005 1/01

07 2464277

restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the  COUNTY                   of  LOS ANGELES

        [Type of Recording Jurisdiction]                     [Name of Recording Jurisdiction]

THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE EXHIBIT "A "
AND IS MADE A PART HEREOF.

Parcel ID Number:  2184032007                          which currently has the address of
18018 MEDLEY DRIVE                                                        [Street]
ENCINO                                          [City], California 91316   [Zip Code]
("Property Address").

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property  All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

    UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows.

    **1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the

-6(CA) (0207)                    Page 3 of 15          Initials            Form 3005 1/01

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees, (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee

-6(CA) (0207)                    Page 13 of 15                    Initials                    Form 3005 1/01

ZCA2

*15*

Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law  This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it

Witnesses:

_____        _____ (Seal)
                                                                         -Borrower

                                         **SONYA  RUTNAM**


_____        _____ (Seal)
                                                                         -Borrower


_____ (Seal)   _____ (Seal)
                       -Borrower                                  -Borrower


_____ (Seal)   _____ (Seal)
                       -Borrower                                  -Borrower


_____ (Seal)   _____ (Seal)
                       -Borrower                                  -Borrower

-6(CA) (0207)                    Page 14 of 15                    Form 3005 1/01

07 2464277

*16*

State of California
County of  LOS ANGELES

On  October 24, 2007          before me,  P. Padovano, Notary public
                                                            personally appeared

SONYA RUTNAM

P. PADOVANO
COMM. # 1749594
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires June 8, 2011

personally known to me (or proved to me on the basis of satisfactory evidence) to be the
person(s) whose name(s) (is)are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s)
acted, executed the instrument.
WITNESS my hand and official seal.

_____  (Seal)

07 2464277

-6(CA) (0207)              Page 15 of 15                    Form 3005 1/01

Initials _____

# EXHIBIT "4"

 **This page is part of your document - DO NOT DISCARD** 

 **20080554762** Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

04/01/08 AT 08:00AM

Fee: 12.00
Tax: 0.00
Other: 0.00
Total: 12.00

**Title Company**

## TITLE(S) :




L E A D    S H E E T



**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

    **THIS FORM IS NOT TO BE DUPLICATED**    

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corp
2141 5th Avenue
San Diego, CA 92101

04/01/08

**20080554762**

Space above this line for Recorder's use

TS No · CA-08-148238-NF                    Loan No.: 3018592539

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL
## UNDER DEED OF TRUST

### IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION. You
may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account (normally five business days prior to the date set for the sale of your property) No sale may be set until three months from the date this notice of default is recorded (which date of recordation appears on this notice) This amount is **$15,956.73** as of **3/31/2008** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have the pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise, or (2) establish a schedule of payments in order to cure your default, or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact·

**Washington Mutual Bank, FA
C/O Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101
619-645-7711**

3

TS No  CA-08-148238-NF
Loan No.: 3018592539
Notice of Default and Election To Sell Under Deed of Trust

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure

## Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN  That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 10/24/2007, executed by SONYA RUTNAM, as Trustor, to secure certain obligations in favor of WASHINGTON MUTUAL BANK, FA, A FEDERAL SAVINGS BANK, as beneficiary, recorded 11/1/2007, as Instrument No. 20072464277, in Book xxx, Page xxx of Official Records in the Office of the Recorder of LOS ANGELES County, California describing land therein **as more fully described in said Deed of Trust.**

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of $1,254,825.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that **payment has not been made of.**

Installment of principal and interest plus impounds and / or advances which became due on 12/1/2007 plus amounts that are due or may become due for the following: late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustees fees, and any attorney fees and court costs arising from or associated with beneficiaries effort to protect and preserve its security must be cured as a condition of reinstatement.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby

Dated: 3/31/2008                **Quality Loan Service Corp., AS AGENT FOR BENEFICIARY**
                                BY. Fidelity National Title Insurance Company

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only

## THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations

# EXHIBIT "5"




**This page is part of your document - DO NOT DISCARD**



## 20150218176



Pages:
0003

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**02/27/15 AT 08:00AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 28.00 |






**L E A D S H E E T**



201502271040025

00010224487



006672687

**SEQ:**
**01**

**ERDS - 8:00AM**




**THIS FORM IS NOT TO BE DUPLICATED**

E12



Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corporation
411 Ivy Street
San Diego, CA 92101

TS No. CA-08-148238-HL
Order No.: E816235

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE
COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code 2923.3)

注：本文件包含一个信息摘要

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 10/24/2007. UNLESS YOU TAKE
ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED
AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD
CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn
by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings
association, or savings bank specified in Section 5102 to the Financial Code and authorized to do business in this
state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or
implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by
the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the
Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the
initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on
the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):   **SONYA RUTNAM**
Recorded:     11/1/2007 as Instrument No. 20072464277     of Official Records in the office of the
              Recorder of **LOS ANGELES** County, California;

Date of Sale: **3/23/2015 at 11:00 AM**
Place of Sale: **By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766**
Amount of unpaid balance and other charges: **$1,837,606.40**
The purported property address is:   **18018  MEDLEY DR, ENCINO, CA 91316**
Assessor's Parcel No.: **2184-032-007**

TS No.: **CA-08-148238-HL**

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 for information regarding the trustee's sale or visit this Internet Web site http://www.qualityloan.com, using the file number assigned to this foreclosure by the Trustee: CA-08-148238-HL. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Date: 02|24|2015

**Quality Loan Service Corporation**
**411 Ivy Street**
**San Diego, CA 92101**
**619-645-7711 For NON SALE information only**
Sale Line: 714-730-2727
Or Login to: http://www.qualityloan.com
Reinstatement Line: (866) 645-7711 Ext 5318

Quality Loan Service Corp. by: Daisy Rios, as Authorized Agent.

# EXHIBIT "6"

From:                                                    02/13/2009 10:27        #853 P.002/003

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL TO:**

Tri Tren
18018 Medley Drive
(Encino Area), CA 91316

APN: 2184-032-007          **QUITCLAIM DEED**          SPACE ABOVE THIS LINE FOR RECORDER'S USE

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $0.00       CITY TAX is $0.00
☒ computed on the full value of the property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at the time of sale,
☐ Realty not sold
☐ Unincorporated area        ☐ City of (Encino Area); and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Sonya Rutnam, a Married Woman as her sole and separate property

do(es) hereby remise, release and forever quitclaim to Sonya Rutnam, a Married Woman, as Her Sole and Separate
Property and Tri Tren, A Single Man, All as Joint Tenants

the following described real property in the County of Los Angeles, State of California.
LOT 78 OF TRACT NO. 27363, IN THE CITY OF ENCINO, COUNTY OF LOS ANGELES, CALIFORNIA, AS PER MAP
RECORDED IN BOOK 669, PAGE(S) 14 TO 20, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY
Dated: February 6, 2009
18018 Medley Drive (Encino Area), CA 91316
"This is a bonafide gift and the grantor received nothing in return R&T 11911"

STATE OF CALIFORNIA            )
COUNTY OF  LOS ANGELES        )=
                                                    _____
On   2-6-09                                          Sonya Rutnam
_____  before me
J. LOPEZ                   Notary Public
personally appeared  SONYA RUTNAM

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

SPACE BELOW RESERVED FOR NOTARY SEAL

J. LOPEZ
Commission # 1705146
Notary Public - California
Los Angeles County
My Comm. Expires Nov 13, 2010

Quitclaim Deed




**This page is part of your document - DO NOT DISCARD**



## 20090083075

Pages:
0007

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**01/22/09 AT 08:00AM**

| FEES: | 26 00 |
|---|---|
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 26 00 |

## TITLE(S) : AGREEMENT






**L E A D S H E E T**



200901220130004



001187459

**SEQ:**
**14**

**DAR - Title Company (Hard Copy)**




**THIS FORM IS NOT TO BE DUPLICATED**

FIRST AMERICAN TITLE COMPANY LOS ANGELES

**RECORDATION REQUESTED BY:**
FIRST PRIVATE BANK & TRUST
SANTA MONICA OFFICE
520 Broadway
SANTA MONICA, CA 90401

01/22/2009

*20090083075*

**WHEN RECORDED MAIL TO:**
FIRST PRIVATE BANK & TRUST
Note Department - Suite 200
16000 Ventura Boulevard
Encino, CA 91436

**SEND TAX NOTICES TO:**
522 WILSHIRE BLVD., LLC
522 WILSHIRE BOULEVARD, SUITE J
SANTA MONICA, CA 90401

FOR RECORDER'S USE ONLY

3137365 60

# HAZARDOUS SUBSTANCES CERTIFICATE AND INDEMNITY AGREEMENT

**THIS HAZARDOUS SUBSTANCES AGREEMENT** dated December 30, 2008, is made and executed among 522 WILSHIRE BLVD., LLC, whose address is 522 WILSHIRE BOULEVARD, SUITE J, SANTA MONICA, CA 90401 (sometimes referred to below as "Borrower" and sometimes as "Indemnitor"); and FIRST PRIVATE BANK & TRUST, SANTA MONICA OFFICE, 520 Broadway, SANTA MONICA, CA 90401 (referred to below as "Lender"). For good and valuable consideration and to induce Lender to make a loan to Borrower, each party executing this Agreement hereby represents and agrees with Lender as follows:

**PROPERTY DESCRIPTION.** The word "Property" as used in this Agreement means the following Real Property located in LOS ANGELES County, State of California:

See EXHIBIT "A", which is attached to this Agreement and made a part of this Agreement as if fully set forth herein.

The Real Property or its address is commonly known as 518-522 WILSHIRE BOULEVARD, SANTA MONICA, CA 90401. The Assessor's Parcel Number for the Real Property is 4291-005-003.

**REPRESENTATIONS.** The following representations are made to Lender, subject to disclosures made and accepted by Lender in writing.

Use of Property. After due inquiry and investigation, Indemnitor has no knowledge, or reason to believe, that there has been any use, generation, manufacture, storage, treatment, refinement, transportation, disposal, release, or threatened release of any Hazardous Substances by any person on, under, or about the Property.

Hazardous Substances. After due inquiry and investigation, Indemnitor has no knowledge, or reason to believe, that the Property, whenever and whether owned by previous Occupants, has ever contained asbestos, PCBs, lead paints or other Hazardous Substances, whether used in construction or stored on the Property.

No Notices. Indemnitor has received no summons, citation, directive, letter or other communication, written or oral, from any agency or department of any county or state or the U.S. Government concerning any intentional or unintentional action or omission on, under, or about the Property which has resulted in the releasing, spilling, leaking, pumping, pouring, emitting, emptying or dumping of Hazardous Substances into any waters, ambient air or onto any lands or where damage may have resulted to the lands, waters, fish, shellfish, wildlife, biota, air or other natural resources.

**AFFIRMATIVE COVENANTS.** Indemnitor covenants with Lender as follows:

Use of Property. Indemnitor will not use and does not intend to use the Property to generate, manufacture, refine, transport, treat, store, handle or dispose of any Hazardous Substances, PCBs, lead paint or asbestos.

Compliance with Environmental Laws. Indemnitor shall cause the Property and the operations conducted on it to comply with any and all Environmental Laws and orders of any governmental authorities having jurisdiction under any Environmental Laws and shall obtain, keep in effect and comply with all governmental permits and authorizations required by Environmental Laws with respect to such Property or operations. Indemnitor shall furnish Lender with copies of all such permits and authorizations and any amendments or renewals of them and shall notify Lender of any expiration or revocation of such permits or authorizations.

Preventive, Investigatory and Remedial Action. Indemnitor shall exercise extreme care in handling Hazardous Substances if Indemnitor uses or encounters any. Indemnitor, at Indemnitor's expense, shall undertake any and all preventive, investigatory or remedial action (including emergency response, removal, containment and other remedial action) (a) required by any applicable Environmental Laws or orders by any governmental authority having jurisdiction under Environmental Laws, or (b) necessary to prevent or minimize property damage (including damage to Occupant's own property), personal injury or damage to the environment, or the threat of any such damage or injury, by release of or exposure to Hazardous Substances in connection with the Property or operations of any Occupant on the Property. In the event Indemnitor fails to perform any of Indemnitor's obligations under this section of the Agreement, Lender may (but shall not be required to) perform such obligations at Indemnitor's expense. All such costs and expenses incurred by Lender under this section and otherwise under this Agreement shall be reimbursed by Indemnitor to Lender upon demand with interest at the Note default rate, or in the absence of a default rate, at the Note interest rate. Lender and Indemnitor intend that Lender shall have full recourse to Indemnitor for any sum at any time due to Lender under this Agreement. In performing any such obligations of Indemnitor, Lender shall at all times be deemed to be the agent of Indemnitor and shall not by reason of such performance be deemed to be assuming any responsibility of Indemnitor under any Environmental Law or to any third party. Indemnitor hereby irrevocably appoints Lender as Indemnitor's attorney-in-fact with full power to perform such of Indemnitor's obligations under this section of the

14D

# EXHIBIT "7"

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number
**WILLIAM G. MALCOLM, #129271**
**KEVIN HAHN, #231579**
**MALCOLM • CISNEROS, A Law Corporation**
**2112 Business Center Drive, Second Floor**
**Irvine, California 92612**
**(949) 252-9400 (TELEPHONE)**
**(949) 252-1032 (FACSIMILE)**

☒ Attorney for:  **Movant**

FOR COURT USE ONLY

FILED & ENTERED

APR 16 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY espino    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re: TRI TREN,

| | |
|---|---|
| CHAPTER: | 7 |
| CASE NO.: | 1:08-bk-20572-GM |
| DATE: | April 2, 2009 |
| TIME: | 9:30 a.m. |
| CTRM: | 303 |
| FLOOR: | 3RD |

### ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### UNDER 11 U.S.C. § 362 (Real Property)
### (MOVANT: JPMORGAN CHASE BANK NATIONAL ASSOCIATION, and its successors and/or assignees,)

1.  The Stay Motion was:  ☐ Contested  ☒ Uncontested  ☐ Settled by Stipulation

2.  The Stay Motion affects the following real property (the "Property"):
    *Street Address:*  **18018 Medley Drive**
    *Apartment/Suite no.:*
    *City, State, Zip Code:*  **Encino, CA 91316**

    Legal Description or document recording number (including county of recording):

    ☒ See attached page.

3.  The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)  ☒ 11 U.S.C. §362(d)(2)  ☐ 11 U.S.C. §362(d)(3)
    ☐ 11 U.S.C. §362(d)(4)

4.  As to Movant, the successors, transferees and assigns ("Movant"), the stay of 11 U.S.C. § 362(a) is:

    a.  ☒ Terminated as to Debtor(s) and Debtor's(s') bankruptcy estate.

    b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.

    c.  ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5.  ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor(s) or property of  the estate except by filing a Proof of claim pursuant to 11 U.S.C. § 501.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*

**F 4001-1O.RP**

| In re<br>**TRI TREN,** | (SHORT TITLE) | | CHAPTER: **7** |
|---|---|---|---|
| | | Debtor(s). | CASE NO.: **1:08-bk-20572-GM** |

6. ☐ Movant shall not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:
   ☐ transfer of all or part ownership or, or other interest in, the Property without the consent of the secured creditor or court approval.
   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state laws governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than two (2) years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changes circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Court further orders as follows:

   a. ☒ This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

   b. ☒ The 10-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

   c. ☐ The provisions set forth in the Extraordinary Relief attachment shall also apply (*attach Optional Form F 4001-1O.ER*).

   d. ☒ BY VIRTUE OF THE ENTRY OF THIS ORDER, THE BORROWER'S BANKRUPTCY PROCEEDINGS HAVE NOW BEEN FINALIZED WITH REGARD TO THE SUBJECT PROPERTY WITHIN THE MEANING OF CALIFORNIA CIVIL CODE SECTION 2923.5(h)(3).

###

DATED: April 16, 2009

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*

**F 4001-1O.RP**
Page 47

Case 1:08-bk-20572-GM    Doc 22    Filed 04/16/09    Entered 04/16/09 16:44:29    Desc
Order on Motion Document from Stay (Real Property) -    **F 4001-1O.RP**

| In re<br>TRI TREN, | (SHORT TITLE) | CHAPTER:  7 |
|---|---|---|
| | Debtor(s). | CASE NO.:  1:08-bk-20572-GM |

### LEGAL DESCRIPTION

LOT 78 OF TRACT NO. 27363, IN THE CITY OF ENCINO, COUNTY OF LOS ANGELES, CALIFORNIA, AS PER MAP RECORDED IN BOOK 669, PAGE(S) 14 TO 20, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised January 2009*

**F 4001-1O.RP**
Page 48

# EXHIBIT "8"

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL TO:**

Serop Dertsakyan
18018 Medley Dr
Encino, CA 91316


06/19/2009
*20090899817*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 2184-032-007             **QUITCLAIM DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
    DOCUMENTARY TRANSFER TAX is $0.00      CITY TAX is $0.00
    ☐ computed on the full value of the property conveyed, or
    ☐ computed on full value less value of liens or encumbrances remaining at the time of sale,
    ☐ Realty not sold
    ☐ Unincorporated area      ☒ City of (Encino Area), and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Sonya Rutnam, A Married Woman as her sole and separate property

do(es) hereby remise, release and forever quitclaim to Serop Dertsakyan, A Single Man

the following described real property in the County of Los Angeles, State of California:
Lot 78 of Tract No. 27363, in the city of Encino, County of Los Angeles, California, as per Map recorded in Book 669, Page(s) 14 and 20, inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County.

Dated: June 19, 2009
18018 Medley Dr. Encino, CA 91316
"This is a bonafide gift and the grantor received nothing in return R&T§911"

STATE OF CALIFORNIA            }
COUNTY OF LOS ANGELES          }ss
                               }
On _____6-19-09_____ before me
_____C. MOLLER_____, Notary Public,
personally appeared _____SONYA RUTNAM_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Sonya Rutnam

SPACE BELOW RESERVED FOR NOTARY SEAL

C. MOLLER
Commission # 1781711
Notary Public - California
Los Angeles County
My Comm. Expires Jun 18, 2011

Quitclaim Deed

 

**This page is part of your document - DO NOT DISCARD**



## 20090899817



**Pages:
0003**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**06/16/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 36.00 |
| TAXES: | 8,400.00 |
| OTHER: | 0.00 |
| PAID: | 8,436.00 |

 



**LEADSHEET**



200906160110008

00000708646



002156596

**SEQ:
16**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**



# FIDELITY-VAN NUYS

**RECORDING REQUESTED BY:**
Fidelity National Title Company
Escrow No. 85451-MT
Title Order No. 19595253

**When Recorded Mail Document
and Tax Statement To:**
Mr. Bijan Soleymani
163 N. Carson Road
Beverly Hills, CA  90211


06/16/2009

*20090899817*

APN: 5153-004-018

## GRANT DEED

SPACE ABOVE THIS LINE FOR RECORDER'S USE

The undersigned grantor(s) declare(s)
Documentary transfer tax is $1,650.00     City tax @ 6,750.00
  [ X ]  computed on full value of property conveyed, or
  [    ]  computed on full value less value of liens or encumbrances remaining at time of sale,
  [    ]  Unincorporated Area     City of Los Angeles

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,   511-513 S. Union Avenue, LLC

hereby GRANT(S) to   Bijan Soleymani, A Married Man as his Sole and Separate Property

the following described real property in the City of Los Angeles
County of Los Angeles,  State of California:
SEE EXHIBIT "ONE" ATTACHED HERETO AND MADE A PART HEREOF.

DATED:  June 10, 2009

State of California                                    }
County of  Los Angeles                          }

On  06 11 09                              before me,
T. GIAVOCCHINI NOTARY PUBLIC , Notary Public
(here insert name and title of the officer), personally
appeared  DAVID COHEN
          NUREET COHEN                              ,
who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are
subscribed   to   the   within   instrument   and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that
by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws
of the State of California that the foregoing paragraph
is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

511-513 S. Union Avenue, LLC

By: _____
   David Cohen, Managing Member

By: _____
   Nureet Cohen, Managing Member

T. GIAVOCCHINI
Commission # 1622532
Notary Public - California
Los Angeles County
My Comm. Expires Dec. 13, ____

MAIL TAX STATEMENTS AS DIRECTED ABOVE

FD-213 (Rev 12/07)                          GRANT DEED

16+

# EXHIBIT "9"

# U.S. Bankruptcy Court
## Central District Of California (San Fernando Valley)
## Bankruptcy Petition #: 1:09-bk-13875-MT

*Assigned to:* Maureen Tighe
Chapter 7
Voluntary
No asset

*Date filed:* 04/06/2009
*Date terminated:* 09/05/2009
*Debtor discharged:* 08/12/2009
*341 meeting:* 08/05/2009
*Deadline for objecting to discharge:* 07/13/2009

*Debtor disposition:* Standard Discharge

**Debtor**
**Serop Dertsakyan**
14939 Hartland St
Van Nuys, CA 91405
LOS ANGELES-CA
SSN / ITIN: xxx-xx-3645

represented by **Anna Davitian**
3500 West Olive Ave Ste 300
Burbank, CA 91505
818-973-2787

**Trustee**
**Brad D Krasnoff (TR)**
1900 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067-4402
(310) 201-2417

**U.S. Trustee**
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 91007
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | <u>1</u><br>(23 pgs; 3 docs) | Chapter 7 Voluntary Petition . Receipt Number O, Fee Amount $299 Filed by Serop Dertsakyan Statement of Intent due 5/6/2009. Section 316 Incomplete Filings due by 5/21/2009. Schedule A due 4/21/2009. Schedule B due 4/21/2009. Schedule C due 4/21/2009. Schedule D due 4/21/2009. Schedule E due 4/21/2009. Schedule F due 4/21/2009. Schedule G due 4/21/2009. Schedule H due 4/21/2009. Schedule I due 4/21/2009. Schedule J due 4/21/2009. Statement of Financial Affairs due 4/21/2009. Summary of schedules due 4/21/2009. Declaration concerning debtors schedules due 4/21/2009. Statistical Summary due 4/21/2009. Debtor |

| | | |
|---|---|---|
| 04/06/2009 | | Certification of Employment Income due by 4/21/2009. Incomplete Filings due by 4/21/2009. (Mendez, Raoul) (Entered: 04/06/2009) |
| 04/06/2009 | 2 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 05/12/2009 at 09:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Objections for Discharge due by 07/13/2009. (Mendez, Raoul) (Entered: 04/06/2009) |
| 04/06/2009 | 3 | Statement of Social Security Number(s) Form B21 Filed by Debtor Serop Dertsakyan . (Mendez, Raoul) (Entered: 04/06/2009) |
| 04/06/2009 | 4 (1 pg) | Certificate of Credit Counseling Filed by Debtor Serop Dertsakyan . (Mendez, Raoul) (Entered: 04/06/2009) |
| 04/06/2009 | 5 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Mendez, Raoul) (Entered: 04/06/2009) |
| 04/06/2009 | | Receipt of Chapter 7 Filing Fee - $299.00 by 09. Receipt Number 10021596. (admin) (Entered: 04/07/2009) |
| 04/08/2009 | 6 (3 pgs) | BNC Certificate of Service (RE: related document(s)2 Meeting (Chapter 7)) No. of Notices: 8. Service Date 04/08/2009. (Admin.) (Entered: 04/08/2009) |
| 04/08/2009 | 7 (2 pgs) | BNC Certificate of Service (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Serop Dertsakyan) No. of Notices: 3. Service Date 04/08/2009. (Admin.) (Entered: 04/08/2009) |
| 04/08/2009 | 8 (2 pgs) | BNC Certificate of Service (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Serop Dertsakyan) No. of Notices: 3. Service Date 04/08/2009. (Admin.) (Entered: 04/08/2009) |
| 04/08/2009 | 9 (4 pgs) | BNC Certificate of Service (RE: related document(s)5 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 4. Service Date 04/08/2009. (Admin.) (Entered: 04/08/2009) |
| | 10 (30 pgs) | Summary of Schedules , Statistical Summary of Certain Liabilities, Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Statement of |

| 04/21/2009 | | Financial Affairs , Statement of Intent. , Debtor's Certification of Employment Income Filed by Debtor Serop Dertsakyan (RE: related document(s)1 Voluntary Petition (Chapter 7)). Manual Receipt #73758 issued. (Kinsley, Terri) (Entered: 04/23/2009) |
| 04/22/2009 | | Receipt of Amendment Filing Fee - $26.00 by 17. Receipt Number 10021987. (admin) (Entered: 04/23/2009) |
| 05/15/2009 | 11 | 341 Meeting of Creditors Continued on 06/16/09 at 09:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367 (Krasnoff, Brad) (Entered: 05/15/2009) |
| 05/20/2009 | 12 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by John B Acierno on behalf of Courtesy NEF. (Acierno, John) (Entered: 05/20/2009) |
| 06/04/2009 | 13 (49 pgs; 3 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 14939 Hartland Street, Van Nuys, CA . Fee Amount $150, Filed by Creditor Downey Savings and Loan Association, F.A. (Attachments: 1 Exhibit A2 Exhibit B-F) (Deleon, Joey) (Entered: 06/04/2009) |
| 06/04/2009 | | Receipt of Motion for Relief from Stay - Real Property(1:09-bk-13875-MT) [motion,nmrp] ( 150.00) Filing Fee. Receipt number 9491516. Fee amount 150.00. (U.S. Treasury) (Entered: 06/04/2009) |
| 06/17/2009 | | Hearing Set (RE: related document(s)13 Motion for Relief from Stay - Real Property filed by Creditor Downey Savings and Loan Association, F.A.) The Hearing date is set for 6/25/2009 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Williams, Jewell) (Entered: 06/17/2009) |
| 06/17/2009 | 14 | 341 Meeting of Creditors Continued on 08/05/09 at 10:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367 (Krasnoff, Brad) (Entered: 06/17/2009) |
| | 15 (1 pg) | Continuance of Meeting of Creditors Filed by Trustee Brad D Krasnoff. 341(a) meeting to be held on 8/5/2009 at 10:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Krasnoff, Brad) (Entered: 06/19/2009) |

| 06/19/2009 | | |
|---|---|---|
| 07/02/2009 | <u>16</u><br>(4 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # <u>13</u>) Signed on 7/2/2009 (Williams, Jewell) (Entered: 07/02/2009) |
| 07/04/2009 | <u>17</u><br>(5 pgs) | BNC Certificate of Service - PDF Document. (RE: related document(s)<u>16</u> Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 6. Service Date 07/04/2009. (Admin.) (Entered: 07/04/2009) |
| 08/06/2009 | | Chapter 7 Trustee's Report of No Distribution: I, Brad D Krasnoff, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 4 months. Assets Abandoned: $ 454700.00, Assets Exempt: $ 8400.00, Claims Scheduled: $ 506410.69, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment: $ 506410.69. Filed by Trustee Brad D Krasnoff (RE: related document(s)<u>15</u> Continuance of Meeting of Creditors Filed by Trustee Brad D Krasnoff. 341 filed by Trustee Brad D Krasnoff). (Krasnoff, Brad) (Entered: 08/06/2009) |
| 08/06/2009 | <u>18</u><br>(2 pgs) | Financial Management Course Certificate Filed Filed by Debtor Serop Dertsakyan . (Kinsley, Terri) (Entered: 08/06/2009) |
| 08/12/2009 | <u>19</u><br>(2 pgs) | DISCHARGE OF DEBTOR(S): Debtor (BNC) (RE: related document(s)<u>2</u> Meeting (Chapter 7)) (Molina, Dolores) (Entered: 08/12/2009) |
| 08/14/2009 | <u>20</u><br>(3 pgs) | BNC Certificate of Service (RE: related document(s)<u>19</u> DISCHARGE OF DEBTOR - Chapter 7 (BNC)) No. of Notices: 16. Service Date 08/14/2009. (Admin.) (Entered: 08/14/2009) |

| 09/05/2009 | 21 (1 pg) | Bankruptcy Case Closed - DISCHARGE (Espino, Cecilia) (Entered: 09/05/2009) |
| --- | --- | --- |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| **Transaction Receipt** | | | |
| 03/31/2015 18:09:40 | | | |
| **PACER Login:** | hc0139:2559545:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:09-bk-13875-MT Fil or Ent: filed From: 12/31/2001 To: 3/31/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

# EXHIBIT "10"

RECORDING REQUESTED BY

Parcel no. 2184-032-007

WHEN RECORDED MAIL TO:

Sandra Ruth Gonzalez
18018 Medley Drive
Encino, CA 91316


03/21/2011

*20110408641*

---

THIS SPACE FOR RECORDER'S USE ONLY

# QUITCLAIM DEED

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(ADDITIONAL FEES APPLY)

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL TO:**

Sandra Ruth Gonzalez
18018 Medley Dr.
Encino, CA 91316

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 2184-032-007                    **QUITCLAIM DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S):
DOCUMENTARY TRANSFER TAX is          CITY TAX is
☐ computed on the full value of the property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at the time of sale,
☐ Realty not sold
☐ Unincorporated area          ☒ City of Encino, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Sonya Rutnam, A Married Woman as Her Sole and Separate Property

do(es) hereby remise, release and forever quitclaim to Sandra Ruth Gonzalez, A Single Woman

the following described real property in the County of Los Angeles, State of California:
LOT 78 OF TRACT NO. 27363, IN THE CITY OF ENCINO, COUNTY OF LOS ANGELES, CALIFORNIA, AS PER MAP
RECORDED IN BOOK 669, PAGE(S) 14 TO 20 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY.

Dated: March 21, 2011
18018 Medley Dr. Encino, CA 91316
"This is a bonafide gift and the grantor received nothing in return R&T11911"

STATE OF CALIFORNIA          }
COUNTY OF LOS ANGELES        }ss

On 3-21-11 before me .
MOHSEN SHEMSHADY , Notary Public,
personally appeared SONYA RUTNAM

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of
California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Quitclaim Deed

Sonya Rutnam

SPACE BELOW RESERVED FOR NOTARY SEAL

MOHSEN SHEMSHADY
Commission # 1758467
Notary Public - California
Los Angeles County
My Comm. Expires Jul 22, 2011



**This page is part of your document - DO NOT DISCARD**



# 20110408641



**Pages:
0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/17/11 AT 11:21AM**

| | |
|---|---|
| FEES : | 36.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| PAID : | 36.00 |



**LEADSHEET**



201103170100054

00003899584

003214571

**SEQ:
01**

DAR ~ Mail (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**





03/17/2011

*20110408641*

[REQUESTED BY]
Nationwide Title Clearing
[WHEN RECORDED MAIL TO]
DAVID S LIPPMAN
3337 LONGRIDGE TER
SHERMAN OAKS, CA 91423-0000
(TRUSTOR)

Loan #: 27065359880

## SUBSTITUTION OF TRUSTEE and FULL RECONVEYANCE

Whereas DAVID SHALET LIPPMAN AND SABINA LELIA SKULSKY, AS TRUSTEES OF THE DAVID SHALET LIPPMAN AND SABINA LELIA SKULSKY JOINT LIVING TRUST, DATED OCTOBER 4 2008 was the original Trustor under that certain Deed of Trust recorded on 04/13/2009 in the office of the County Recorder of LOS ANGELES County, California, as Instrument # 20090528712, in Book , Page .

Whereas, the undersigned, as the present Beneficiary(s) under said Deed of Trust desires to substitute a new Trustee under said Deed of Trust in place and stead of original Trustee, now therefore, the undersigned hereby substitutes himself (themselves) as Trustee under said Deed of Trust and does hereby reconvey without warranty to the persons legally entitled thereto all Estate now held by it under said Deed of Trust

Date: 03/04/2011
PENTAGON FEDERAL CREDIT UNION

By: 
    KIM GOELZ
    VICE PRESIDENT

STATE OF FLORIDA
COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me this 04th day of March in the year 2011, by KIM GOELZ as VICE PRESIDENT for PENTAGON FEDERAL CREDIT UNION, who, as such VICE PRESIDENT being authorized so to do, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me

MIRANDA AVILA EE019063
Notary Public - State of FLORIDA
Commission expires: 08/22/2014

Notary Public State of Florida
Miranda Avila
My Commission EE019063
Expires 08/22/2014

Prepared By: E. Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
PFCRC 13889458 _@ CJ2982432 form1/RCNCA1

*13889458*

# EXHIBIT "11"

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address
**Erica Loftis, #259286**
**Christina O, #266845**
**MALCOLM • CISNEROS, A Law Corporation**
**2112 Business Center Drive, Second Floor**
**Irvine, California, 92612**
**christinao@mclaw.org**
**(949) 252-9400 (TELEPHONE)**
**(949) 252-1032 (FACSIMILE)**

FILED & ENTERED

JAN 16 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

CHANGES MADE BY COURT

☒ Attorney for Movant(s)
☐ Movant(s) appearing without attorney

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>**Sandra Ruth Gonzalez** | CASE NO.: **2:11-bk-17263-SK**<br><br>CHAPTER: **13** |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE:  January 2, 2013<br>TIME:  08:30 AM<br>CTRM: 1575<br>PLACE · 255 E. Temple Street, Courtroom 1575, Los Angeles, CA 90012 |
| Debtor(s). | |

**MOVANT: JPMorgan Chase Bank, National Association , and its successors and/or assignees**

1. The Motion was: ☐ Opposed  ☒ Unopposed  ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

   Street address:         18018 MEDLEY DR
   Unit number:
   City, state, zip code:   ENCINO, CA 91316-0000

   Legal description or document recording number (including county of recording):

   ☐ See attached page.

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☒ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☒   Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐   Annulled retroactively to the date of the bankruptcy petition filing
   c. ☐   Modified or conditioned as set forth in Exhibit _____ to this Order.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.
December 2011                          Page  1                          F 4001-1.ORDER.RP

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (specify): _____

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☒    transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☒    multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

10. This court further orders as follows:

   a. ☒    The 14-day stay as provided in FRBP 4001(a)(3) is waived.
   b. ☐    The provisions set forth in the Extraordinary Relief Attachment shall also apply (attach Optional Form F 4001-10-ER).

                                      ###

Date: January 16, 2013

                                      Sandra R. Klein
                                      United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011                         Page 2                         F 4001-1.ORDER.RP

**LEGAL DESCRIPTION**

LOT 78 OF TRACT NO. 27363, IN THE CITY OF ENCINO, COUNTY OF LOS ANGELES, CALIFORNIA, AS PER MAP RECORDED IN BOOK 669, PAGE(S) 14 TO 20, INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 2184-032-007

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011                          Page  3                          F 4001-1.ORDER.RP

# EXHIBIT "12"



**Repeat-cacb, PlnDue, Incomplete, RepeatPACER**

## U.S. Bankruptcy Court
### Central District Of California (San Fernando Valley)
### Bankruptcy Petition #: 1:15-bk-10970-MT

|  |  |  |
|---|---|---|
| *Assigned to:* | *Date filed:* | 03/23/2015 |
| Maureen Tighe | *341 meeting:* | 04/22/2015 |
| Chapter 13 | | |
| Voluntary | *Deadline for* | 07/21/2015 |
| Asset | *filing claims:* | |
| | *Deadline for* | 09/21/2015 |
| | *filing claims (govt.):* | |

*Debtor*                                             represented by **Sonya Rutnam**
**Sonya Rutnam**                                                     PRO SE
18018 Medley Dr
Encino, CA 91316
LOS ANGELES-CA
818-705-3483
SSN / ITIN: xxx-xx-7247

*Trustee*
**Elizabeth (SV) F Rojas (TR)**
Noble Professional Center
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403
818-933-5700

*U.S.*
*Trustee*
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 91007
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | <u>1</u><br>(6 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $310 Filed by Sonya Rutnam Summary of Schedules (Form B6 Pg 1) due 4/6/2015. Schedule A (Form B6A) due 4/6/2015. Schedule B (Form B6B) due 4/6/2015. Schedule C (Form B6C) due 4/6/2015. Schedule D (Form B6D) due 4/6/2015. Schedule E (Form B6E) due 4/6/2015. Schedule F (Form B6F) due 4/6/2015. Schedule G (Form B6G) due 4/6/2015. Schedule H (Form B6H) due 4/6/2015. Schedule I (Form B6I) due 4/6/2015. Schedule J (Form B6J) due 4/6/2015. Declaration Concerning Debtors Schedules (Form B6) due 4/6/2015. Statement of Financial Affairs (Form B7) due 4/6/2015. Chapter 13 Plan (LBR F3015-1) due by 4/6/2015. Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period (Form B22C-1) Due: 4/6/2015. Chapter 13 Calculation of Your Disposable |

| | | |
|---|---|---|
| 03/23/2015 | | Income (Form B22C-2) Due: 4/6/2015. Exhibit D (Form B1D) due 4/6/2015. Cert. of Credit Counseling due by 4/6/2015.Statement of Related Cases due 4/6/2015. Notice of Available Chapters (Form B201) due 4/6/2015. Statistical Summary (Form B6 Pg 2) due 4/6/2015. Debtor Certification of Employment Income due by 4/6/2015. Verification of Master Mailing List of Creditors (LBR 1007-1(d)- Local Form) due 4/6/2015. Incomplete Filings due by 4/6/2015. (Briggs, Victoria) (Entered: 03/23/2015) |
| 03/23/2015 | [2](2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 04/22/2015 at 01:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 05/26/2015 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 07/21/2015. (Briggs, Victoria) (Entered: 03/23/2015) |
| 03/23/2015 | [3] | Statement of Social Security Number (s) (Official Form B21) Filed by Debtor Sonya Rutnam . (Briggs, Victoria) (Entered: 03/23/2015) |
| 03/23/2015 | | Receipt of Chapter 13 Filing Fee - $310.00 by 23. Receipt Number 10064087. (admin) (Entered: 03/24/2015) |

| 03/24/2015 | | Notice of Debtor's Prior Filings for debtor Sonya Rutnam Case Number 11-14991, Chapter 13 filed in California Central Bankruptcy on 04/22/2011 , Dismissed for Other Reason on 06/10/2011; Case Number 10-23206, Chapter 13 filed in California Central Bankruptcy on 10/19/2010 , Dismissed for Failure to File Information on 12/08/2010. (Admin) (Entered: 03/24/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/25/2015 12:46:28 | | | |
| **PACER Login:** | ql0126:3595812:4222059 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:15-bk-10970-MT Fil or Ent: filed To: 3/25/2015 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (If individual, enter Last, First, Middle)<br>Rulnam, Sonya | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names) | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names) |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>7247 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State)<br>18018 Medley Dr<br>Encino, CA<br>ZIP CODE 91316 | Street Address of Joint Debtor (No. and Street, City, and State)<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address).<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above)<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in<br>11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☒ Chapter 13    ☐ Chapter 15 Petition for<br>Recognition of a Foreign<br>Main Proceeding<br>☐ Chapter 15 Petition for<br>Recognition of a Foreign<br>Nonmain Proceeding |
| | Tax-Exempt Entity<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box.)<br>☒ Debts are primarily consumer<br>debts, defined in 11 U.S.C.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose."   ☐ Debts are primarily<br>business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☒ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | | |

**Estimated Number of Creditors**

| ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

**Estimated Assets**

| ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

FILED MAR 23 2015 U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY DEPUTY CLERK

B 1 (Official Form 1) (1/08)                                                                                 Page 2

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s).<br>Rutnam, Sonya |
|---|---|

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location<br>Where Filed.  None | Case Number. | Date Filed: |
|---|---|---|
| Location<br>Where Filed. | Case Number | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor<br>None | Case Number. | Date Filed: |
|---|---|---|
| District:  Central District of California | Relationship· | Judge· |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 )<br><br>☐   Exhibit A is attached and made a part of this petition | (To be completed if debtor is an individual whose debts are primarily consumer debts )<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)   (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes )

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following )

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification (11 U S C  § 362(l))

B 1 (Official Form) 1 (1/08)

**Page 3**

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Rutnam, Sonya |
|---|---|

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U S C § 342(b)<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition<br><br>X _Sonya S. Rutnam_<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>    _____<br>    Telephone Number (if not represented by attorney)<br>    _____<br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box )<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U S C § 1515 are attached.<br><br>☐ Pursuant to 11 U S C § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached<br><br>X _Not Applicable_<br>    (Signature of Foreign Representative)<br><br>    _____<br>    (Printed Name of Foreign Representative)<br><br>    _____<br>    Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X _____<br>    Signature of Attorney for Debtor(s)<br><br>    Printed Name of Attorney for Debtor(s)<br><br>    Firm Name<br><br>    Address<br><br>    Telephone Number<br><br>    Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U S C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached<br><br>    Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>    Address<br><br>X _____<br><br>    Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Authorized Individual<br><br>    Printed Name of Authorized Individual<br><br>    Title of Authorized Individual<br><br>    Date | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

Nationstar Mortgage
8950 Cypress Waters Blvd
Coppell, TX 75019
Loan # 3018592539

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5305 Andasol Ave., Encino, CA 91316

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _4/1/2015_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Elizabeth (SV) F Rojas (TR)     cacb_ecf_sv@ch13wla.com
United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _4/1/2015_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Sonya Rutnam
18018 Medley Dr
Encino, CA 91316

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _4/1/2015_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Hon Maureen Tighe, US Bankruptcy Court, 21041 Burbank Bl., CT 302, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/1/2015 | Harris L. Cohen | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.